| District Court, Custer County, Colorado<br>205 S. 6th St., Westcliffe, Colorado 81252 | |
|---|---|
| KELLEY R. WILLIAMSON, JR., Plaintiff,<br><br>vs.<br><br>FCA US LLC as assignee of claims / liabilities for CHRYSLER, LLC, Defendant. | DATE FILED: February 1, 2016 3:20 PM<br>FILING ID: EC0DD375F3FCA<br>CASE NUMBER: 2016CV30001<br><br><br>▲ COURT USE ONLY ▲ |
| Daniel B. Slater<br>1415 Main Street, Suite A<br>Cañon City, Colorado 81212<br>Phone 719-269-3315<br>dan@danslaterlaw.com<br>Attorney Reg. # 30174 | Case Number:<br><br>**2016 CV _____**<br><br>Division:  Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW, the Plaintiff, by and through his attorney, Daniel B. Slater, and hereby makes claim against the Defendant. In support of this Complaint, Plaintiff states as follows:

1. At all relevant times, Plaintiff was a resident of the State of Colorado, and was a resident of Custer County, Colorado at the time of the incident described herein.

2. Defendant FCA US LLC is the successor to Chrysler Group, LLC, which was formed in 2009 in relation to the bankruptcy of Chrysler, LLC, and assumed some of the liabilities of Chrysler, LLC, including all liabilities which would be related to this cause of action.

3. Jurisdiction is appropriate because the injuries described herein all occurred within the State of Colorado.

4. Venue is appropriate in Custer County because the injuries described herein all occurred within Custer County, and because the Plaintiff was a resident of Custer County at the time of the incident described herein.

5. On or about August 15, 2013, Plaintiff was driving a 2000 Jeep Cherokee between Pueblo, Colorado and Custer County, Colorado.

6. On that date, near Wetmore, Colorado, the Jeep was involved in a single-vehicle accident.

7. During the accident, Plaintiff suffered catastrophic injuries, including but not limited to permanent paralysis.



8. At all times material herein, Plaintiff was properly wearing his seatbelt and shoulder harness.

9. Defendant designed, engineered, developed, tested, approved, manufactured, fabricated, assembled, equipped, inspected, repaired, labeled, advertised, promoted, marketed, distributed, wholesaled, supplied, and sold the Jeep and its components.

## CLAIM FOR RELIEF

### Strict Liability

10. Plaintiff incorporates herein all allegations made elsewhere in this Complaint as if set forth verbatim.

11. At all times material to this action, Defendant (or its predecessor companies) was in the business of designing, engineering, developing, testing, approving, manufacturing, fabricating, assembling, equipping, inspecting, repairing, labeling, advertising, promoting, marketing, distributing, wholesaling, selling, and supplying motor vehicles, including the Jeep, throughout the United States, including Colorado.

12. At the time the Jeep left the control of the Defendant, it was defective in design and manufacture and unreasonably dangerous to a person who might reasonably be expected to use it. These defects include, but are not limited to, the conditions described in the following subparagraphs:

   a. The Jeep lacked adequate and sufficient warnings and instructions about the risks, dangers, and harms presented by the Jeep and reasonable means to reduce such risks, dangers and harms.

   b. The Jeep's seatbelt system, including all of its components such as the belt webbing, retractors, anchors and anchor points, as well as the overall design and geometry of the system, was inadequate to reasonably restrain and protect occupants when exposed to foreseeable crash forces in accidents. Particularly, the seatbelt system permitted unreasonable and excessive excursion of occupants in accidents.

   c. The Jeep's overall design and "packaging" was inadequate to protect occupants during accidents.

   d. The Jeep's design failed to incorporate other designs and technologies that could prevent an occupant's head from hitting the roof of the vehicle in foreseeable accidents. Defendant was aware of such designs and technologies, including superior designs and technologies used by other manufacturers and in other vehicles.

    e. The Jeep's airbag system, including the overall design of the system, was inadequate to reasonably protect occupants when exposed to foreseeable crash forces in accidents. Particularly, the airbag system was designed to not deploy upon certain types of impacts.

    f. The Jeep's airbag system was inadequately designed to protect an occupant from off-road crashes, including crashes after the vehicle goes airborne and lands on the ground. Defendant was aware of this design, and was further aware of technology to correct this design flaw, yet did not do so.

13. The subject Jeep was expected by Defendant to reach, and did reach, the Plaintiff without substantial change in the condition in which it was placed on the market.

14. Plaintiff was a person who would reasonably be expected to use the subject Jeep.

15. The defects in the Jeep were a direct and proximate cause of the injuries to the Plaintiff and the resulting damages to Plaintiff.

16. Defendant is strictly liable to the Plaintiff for the injuries to the Plaintiff and for injuries and damages caused by defects and inadequacies in the design and manufacture of the Jeep.

WHEREFORE, Plaintiff prays for an award of damages against Defendant to be fixed by the trier of fact in a reasonable amount, and for such other and further relief as the Court deems just and proper. More specifically, Plaintiff prays for the following general and special damages, which Plaintiff has incurred as a direct and proximate result of the Defendant's liability set forth herein, without limitation:

    a. Past and future physical and mental pain and suffering, emotional distress, and extreme mental anguish.

    b. Past and future medical, hospital and rehabilitation care and services, nursing care and services, life care and attendant services, medication, therapy and other expenses, including special medical damages.

    c. Inconvenience.

    d. Loss of enjoyment of life, and impairment and loss of the quality and value of life.

    e. Loss of earnings, loss of earning capacity, loss of household services, and other economic damages.

    f. Temporary and permanent physical impairment.

    g. Temporary and permanent disfigurement.

    h. All such other relief and compensatory damages permissible at law, including attorneys' fees, costs, interest and such other and further relief as the court deems appropriate and reasonable.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Date: February 1, 2016


_/s/ Daniel B. Slater_____
Daniel B. Slater, Attorney at Law

In accordance with C.R.C.P. 121 §1-26(9), a printed copy of this document with original signatures is maintained at The Law Office of Dan Slater, and will be made available for inspection by other parties or the Court upon request.